UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JULIAN GARCIA, Individually and On Behalf, of All Others Similarly Situated,<br><br>*Plaintiff*,<br><br>v.<br><br>GREEN LEAF LAWN MAINTENANCE, *et al.*,<br><br>*Defendants*. | CIVIL ACTION H-11-2936 |

## ORDER

Pending before the court is defendants Green Leaf Lawn Maintenance, Alberto Gutierrez, and Alejandra Gutierrez's motion for summary judgment on plaintiff Julian Garcia's putative collective action against defendants for alleged violations of the Fair Labor Standards Act. Dkt. 19. Upon consideration of the motion, the response, the reply, and the applicable law, the motion is GRANTED.

## BACKGROUND

Defendants own and operate a lawn care maintenance business in Kingwood, Texas. Dkt. 1. Garcia alleges that he worked for defendants for approximately 2-1/2 years during which time he regularly worked in excess of 40 hours per week. However, he alleges that he never received overtime pay for his hours in excess of 40 per week. Instead he was paid for all of his hours at his regular rate regardless of whether they constituted overtime hours. Garcia brought suit against defendants for violations for the Fair Labor Standards Act. Specifically, Garcia alleges that defendants violated the FLSA by: (1) failing to properly compensate him for his overtime hours in violation of 29 U.S.C. § 207(a); and (2) failing to keep accurate records of time worked in violation

of 29 U.S.C. § 211(c). Additionally, Garcia requests the court grant him a preliminary injunction ordering the defendants to preserve records, which Garcia alleges defendants are wilfully destroying. Defendants now move the court for summary judgment on Garcia's FLSA claims.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, then it is not entitled to summary judgment, and no defense to the motion is required. *Id*. "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66

F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting former Fed. R. Civ. P. 56(e)).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence; disregard all evidence favorable to the moving party that the jury is not required to believe; and give credence to the evidence favoring the non-moving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). However, the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). By the same token, the moving party will not meet its burden of proof based on conclusory "bald assertions of ultimate facts." *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978); *see also Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

## The Fair Labor Standards Act

The Fair Labor Standards Act ("FLSA") mandates overtime compensation for employees who are either (1) employed by a business enterprise engaged in commerce ("enterprise coverage"); or (2) engaged in commerce or in the production of goods for commerce ("individual coverage"). 29 U.S.C. § 207(a). In order to be an employer who falls within enterprise coverage, defendants

3

would need to have an "annual gross volume of sales made or business done [in excess of] $500,000." § 203(s)(1)(A)(ii).  An employee whose employer does not qualify as an enterprise, may still qualify for individual coverage under the FLSA if he is engaged in commerce.  § 207(a).

In *Sobrinio v. Medical Center Visitor's Lodge, Inc.*, the Fifth Circuit adopted a practical test for whether an employee is personally engaged in commerce.  The employee has the burden to demonstrate that his or her "'work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity.'"  474 F.3d 828, 829 (5th Cir. 2007) (per curiam) (quoting *Mitchell v. H.B. Zachry Co.*, 362 U.S. 310, 324, 80 S. Ct. 739 (1960)).  However, the court stressed that "[t]here is no *de minimis* requirement."  *Id.*  "'[A]ny regular contact with commerce, no matter how small, will result in coverage.'"  *Id.* (quoting *Marshall v. Victoria Transp. Co., Inc.*, 603 F.2d 1122 (5th Cir. 1979)).  In *Sobrinio*, the plaintiff was a driver for the defendants.  *Id.*  Although Sobrinio regularly transported patrons who were from out of town, he never alleged that he drove them to or from the airport.  *Id.*  Thus, the Fifth Circuit held that his activities were "purely local in nature and [fell] outside the FLSA's protections."  *Id.*

In a more recent case with facts closely related to those in this case, the Fifth Circuit held that an employee who mowed lawns and transported children's inflatable games to parties was not covered by the FLSA.  *Williams v. Henagan*, 595 F.3d 610, 621 (5th Cir. 2010) (per curiam).  Citing *Sobrinio*, and without discussion, the court concluded that mowing lawns and transporting equipment was "equally localized" and "outside the purview of the FLSA."  *Id.*

## ANALYSIS

The defendants move for summary judgment on Garcia's claims because, as a threshold matter, neither defendants nor Garcia are covered by the FLSA.  The parties do not dispute that

4

defendants do not qualify for enterprise coverage because they do not meet the $500,000 annual earnings requirement to be considered an enterprise under the FLSA. However, plaintiff argues that Garcia in engaged in commerce sufficient for individual coverage.

Citing both *Sobrinio* and *Williams*, defendants contend that plaintiff is not engaged in commerce because his activities—mowing lawns in Kingwood, Texas—are purely local. Plaintiff counters that "under well settled law, Plaintiffs are undeniably engaged in commerce and are, therefore, individually covered by the FLSA" because they (1) use materials that have traveled in commerce, (2) the gasoline in their work vehicles was transported in commerce, and (3) the banks which house the accounts used to pay plaintiffs are at least partially owned by out-of-state companies. Dkt. 21 at 5. Plaintiff never addresses the binding precedent cited by defendants, and instead chooses to cite Department of Labor interpretive regulations and an Eleventh Circuit case. The Department of Labor's interpretations are not binding upon this court. And, the Eleventh Circuit case—also not binding here—does not stand for the proposition that landscape workers are engaged in commerce for the purposes of individual coverage under the FLSA when the tools they used traveled in commerce. *See Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1228–29 (11th Cir. 2010) (discussing the definition of "goods" and "materials" for *enterprise* coverage under the FLSA).

Plaintiff fails to meet his burden to demonstrate that his "work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Sobrinio*, 474 F.3d at 829 (internal quotation marks omitted). The plaintiff in *Williams* undoubtedly used tools and gasoline that had traveled in interstate commerce when he mowed lawns. However, the Fifth Circuit found that he was not engaged in interstate commerce to bestow individual coverage under the FLSA. *Williams*, 595 F.3d

5

at 621. In the absence of binding precedent overturning or abrogating *Williams*, landscape employees who mow lawns in a local area are considered purely local and, therefore, not eligible for FLSA coverage.

## Conclusion

Pending before the court is defendants' motion for summary judgment. Dkt. 19. Upon consideration of the motion, the response, the reply, and the applicable law, the motion is GRANTED.

It is so ORDERED.

Signed at Houston, Texas on November 28, 2012.

_____
Gray H. Miller
United States District Judge